Oleg **VERETELNIKOV**, Violetta Senidevkina, Angelina Veretelnikova, Petitioners,

v.

Michael B. **MUKASEY**, United States

**15**

Attorney General,[1] Respondent.

No. 07–3622–ag.

United States Court of Appeals, Second Circuit.

April 30, 2008.

Edward Gary Shulman, Shulman & Weiss, LLP, Paterson, NJ, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Oleg Veretelnikov, Violetta Senidevkina, and Angelina Veretelnikova, natives and citizens of Uzbekistan, seek review of a July 25, 2007 order of the BIA reversing the September 28, 2005, decision of Immigration Judge ("IJ") Patricia A. Rohan granting their application for asylum. *In re Oleg Veretelnikov, Violetta Senidevkina, Angelina Veretelnikova,* Nos. A98 361 950/951/952 (B.I.A. July 25, 2007), *rev'g* Nos. A98 361 950/951/952 (Immig. Ct. N.Y. City Sept. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, the petitioners do not assert in their brief to this Court any argument that they are eligible for asylum based on past persecution. Accordingly, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005)

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. DOJ,* 428 F.3d 391, 406 (2d Cir.2005). Because the IJ found that Veretelnikov was credible and the BIA did not disturb that finding, we assume his credibility.[2] *See Yan Chen,* 417 F.3d at 271–72.

We conclude that the BIA properly reversed the IJ's grant of the petitioners' application for asylum. Even assuming that Veretelnikov had established that the treatment he faced at the hands of the Uzbekistani government was on account of a protected ground, he failed to establish that "any future punishment for his failure to perform mandatory military service for which he contracted constitutes persecution." *See In re A–G–,* 19 I. & N. Dec. 502 (BIA 1987) (holding that a government may require military service and may enforce that requirement using reasonable sanctions). As the BIA found, "in light of the respondent's admitted status of being absent from the military without authorization, [there is] nothing inherently nefarious in the fact that military authorities are trying to locate the respondent."

While the petitioners generally argue that "[t]he Uzbekistan government commits numerous abuses against its citizens,

has restricted freedom of speech and is intolerant of public criticism," they fail to cite any evidence in the record to support their claim that Veretelnikov would be *persecuted* because he left the military without authorization. Indeed, we have held that "[p]unishment for violation of a generally applicable criminal law is not persecution." *Saleh v. DOJ,* 962 F.2d 234, 239 (2d Cir.1992). Here, while Veretelnikov testified that he would be punished more harshly for leaving the military without authorization because the government wishes to make an example of him, the petitioners point to nothing in the record to support this assertion, nor do they even assert what kind of punishment Veretelnikov might face upon return. The articles regarding the defections of Soviet athletes in the 1980's are of no help to petitioners, given that they are nearly two decades old and concern defection from a different entity. In short, without establishing that he would be improperly singled out for punishment under the laws of Uzbekistan, we cannot conclude that the BIA erred in finding that he did not have a well-founded fear of persecution. *See Saleh,* 962 F.2d at 239; *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

The petitioners also challenge the BIA's finding that Veretelnikov failed to establish that the punishment he faces upon return to Uzbekistan would be on account of a protected ground. However, we deem it unnecessary to review this finding because the BIA's conclusion that he failed to establish a well-founded fear of persecution is dispositive in this case. *See* 8 U.S.C. § 1101(a)(42) (requiring an asylum

---

**2.** Because Oleg Veretelnikov was the lead applicant before the agency, we refer largely to

him in this order.

applicant to establish either past persecution or a well-founded fear of persecution). Accordingly, the BIA did not err in reversing the IJ's grant of the petitioners' application for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).